**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANDREA WALKER, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: 16-CV-96-GKF-TLW |
| | ) | |
| v. | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | **FOR THE FIRM** |
| 1. JIMMY'S EGG, LLC, | ) | |
| a domestic limited liability company, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant.* | ) | |

**COMPLAINT**

**COMES NOW**, Plaintiff, Andrea Walker, ("Plaintiff"), by and through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby submits the following complaint against Defendant, Jimmy's Egg, ("Defendant"), and hereby alleges and states as follows: This action seeks declaratory relief, actual, compensatory, liquidated and punitive damages, costs and attorney fees, for violations of the Pregnancy Discrimination Act ("PDA"), as amended, 42 U.S.C.A. § 2000e(k) and Oklahoma law by Defendant.

**JURISDICTION**

1. Jurisdiction over the parties and subject matter of this action properly lies within the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because the actions and/or omissions giving rise to this cause of action occurred within this judicial district.

2. This action arises under the Pregnancy Discrimination Act ("PDA"), as amended 42 U.S.C.A. § 2000e(k) and the Oklahoma Protection of Labor Act ("OPLA"), as amended 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

3. Pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b), this Court has jurisdiction over the

1

parties and the subject matter of this action because it arises under the Constitution and law of the United States of America.

4. Declaratory, equitable, compensatory and punitive damages are sought pursuant to 42 U.S.C. § 12117. Liquidated damages are sought pursuant to 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*

5. Costs and attorney fees are sought pursuant to Rule 54 of the Federal Rules of Civil Procedure and the aforementioned statutes.

6. At all times relevant to this cause of action, Plaintiff resided within Tulsa, Tulsa County, State of Oklahoma.

7. At all times relevant to this cause of action, Defendant was a domestic limited liability company conducting business and maintaining minimum contacts to the Northern District of Oklahoma.

8. At all times relevant to this cause of action, Defendant was an "employer" as defined by the PDA in that Defendant employed in excess of fifteen (15) employees, during each of the twenty (20) or more calendar workweeks in the current preceding calendar year.

9. At all times relevant to this cause of action, Plaintiff was an "employee" as defined by the PDA.

10. At all times relevant to this cause of action, Defendant was an "employer" as defined in 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

11. At all times relevant to this cause of action, Plaintiff was not an "exempt employee" as defined in 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

12. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC").

Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Right to Sue letter on November 30, 2015, (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

13. Plaintiff was employed by Jimmy's Egg as a Catering Manager/Marketing Manager/Server from February 2014 July 7, 2014.

14. At the end of May 2014, Plaintiff advised her operator, Missy Brown, that she was pregnant. A few days later, Ms. Brown advised Plaintiff that she had informed the District Manager, Shannon Keute, of the pregnancy.

15. Ms. Brown instructed Plaintiff to find someone to train for her position in preparation for her maternity leave.

16. Since none of the current employees were interesting in cross training for the Catering Manager position, Plaintiff requested Ms. Brown help find a person to train as back up to take over the Catering position in case something happens during the pregnancy and before her due date.

17. A few days later, Ms. Brown contacted Plaintiff about the compensation of the Catering Manager position because she was interviewing prospective employees to replace Plaintiff.

18. Plaintiff informed Ms. Brown that she was not quitting and would continue working until her due date, to which Ms. Brown was agreeable.

19. Plaintiff continued working as the Catering Manager and solicited a substantial catering event for August, for which she pre-planned for and worked on the menu with Ms. Brown and would have received a $500.00 commission.

20. On June 18, 2014, Ms. Brown and the District Manager, Shannon Keute, advised Plaintiff that they had hired someone to replace her and that she needed to begin training the employee.

21. Shannon Keute argued that Plaintiff had given a two-week notice and had until July 7, 2014 to train the replacement and find other employment.

22. Plaintiff kept insisting to Shannon Keute that she did not quit or put in a two-week notice, that she loved her job and wanted to continue working until her due date. Ms. Keute kept insisting that Plaintiff quit and stated there was nothing else to discuss.

23. Plaintiff emailed Shannon Keute and Missy Brown several times requesting a meeting because she had not quit. Instead, they insisted that Plaintiff did quit and could work as a server until her termination date of July 7, 2014.

24. On July 7, 2014, Plaintiff was taken off the work schedule.

25. Plaintiff was also subjected to disparate treatment in that Andrew LNU, a male co-worker, attached a written two-week notice of quitting on the bulletin board, then changed his mind and was permitted to continue working for Defendant.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

26. Plaintiff re-alleges and incorporates the above paragraphs as though fully set forth herein and further states:

27. Plaintiff was subjected to discrimination, including but not limited to wrongful termination, and the motivating reason for the discrimination was her pregnancy.

28. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected by the discrimination directed toward her during her employment.

29. By and through, but not limited to, the events described herein, Defendant violated the Pregnancy Discrimination Act, as amended, 42 U.S.C. § 2000e(k).

30. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

31. Defendant's actions were willful, intentional and recklessly indifferent toward Plaintiff's rights, thus warranting the awards of punitive damages.

32. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages under the PDA.

**WHEREFORE**, Plaintiff prays that Defendant appears and answers this Complaint and that this Court declares the conduct engaged in by Defendant to be in violation of Plaintiff's rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $100,000.00, plus interest, costs, attorney fees and punitive damages, order Plaintiff reinstated into her former position or receive front pay in lieu thereof, and grant such other relief as the Court deems just, equitable and proper.

## COUNT II
### RECOVERY OF UNPAID WAGES, 40 OKLA. STAT. ANN. §§ 165.1, *ET. SEQ.*

33. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and further states:

34. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq.* required an employer to compensate an employee for all wages due, other than to "exempt employees."

35. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq.* defined an "exempt employee" as "those management level employee exempt under the provisions of Section 213 of the FLSA [Fair Labor Standards Act], 29 U.S.C. § 213, from the provision of Section 206 and 207 of said Act."

36. Defendant failed to compensate Plaintiff for all wages due upon her termination.

37. The aforementioned refusal was a willful, direct and intentional violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*

38. As a direct and proximate result of Defendant's willful violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*, Plaintiff has suffered, and continues to suffer, loss of income in an amount of $500.00.

39. Pursuant to 40 Okla. Stat. Ann. §§ 165.9, Plaintiff is entitled to liquidated damages for Defendant's failure to pay wages, costs and fees of any nature; and reasonable attorney fees for bringing this action.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appears and answers this Complaint, and that this Court declares the conduct engaged in by Defendant to be in violation

of Plaintiff's rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $500.00, plus interest, costs and attorney fees, award Plaintiff liquidated damages, reasonable attorney fees and costs for bringing this action, and grant Plaintiff such other and further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

*/s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
Armstrong & Vaught, P.L.C.
2727 East 21st Street, Suite 505
Tulsa, OK 74104
918-582-2500 *Telephone*
918-583-1755 *Facsimile*
***Attorney for Plaintiff***